WATERFALL, ECONOMIDIS,
  CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ  85711
(520) 745-7810
Fax (520) 745-1279

Barry Kirschner/PCC31284/SBN 005592
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALAN WRIGHT,<br>  Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY SHORT TERM DISABILITY PLAN, RAYTHEON COMPANY LONG TERM DISABILITY PLAN, and METROPOLITAN LIFE INSURANCE COMPANY,<br>  Defendants. | No.:  CIV 05-604 TUC CKJ (JCG)<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF HIS RIGHT TO CONDUCT DISCOVERY RE CONFLICT OF INTEREST** |

Plaintiff Alan Wright ("Wright") is a beneficiary of a long-term disability policy from Defendants. This case is governed by the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. Section 1101 *et seq*. In the ERISA scheme, MetLife is the Plan Fiduciary. The standard of review of MetLife's termination of Wright's benefits may be decided by determining that, in addition to MetLife's inherent conflict of interest to avoid payment of benefits, there has been material evidence tending to show that this self interest has caused a breach of the fiduciary obligation to the beneficiary. *Tremaine v. Bell Industries, Inc.*, 196 F.3d 970,976(9th Cir. 1999). *Lang v. Long Term Disability Plan Sponsor Applied Remote Technologies, Inc.*, 125 F.3d 794, 797-98(9th Cir. 1997). The discovery requested through this Brief is to further enable Wright to obtain the material evidence to establish that a *de novo* standard of review is appropriate in this matter.

Plaintiff will submit, and the Court can consider, evidence on the conflict of interest

issue that is outside the administrative record. *Tremaine, supra*, 196 F.3d at 977. The appropriate method of obtaining that evidence is through discovery. *See* Federal Rules of Civil Procedure, Rule 26(b)(1), "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Discovery as defined by Rule 26(b)(1)

There are many relevant concepts to the discovery which is at issue. Plaintiff is entitled to obtain information about the motives of MetLife hiring Drs. Michael J. Rosenberg and Amy Hopkins as its reviewing physicians of medical records. Discovery from an unrelated case, *Thomas Wright v. MetLife*, (Middle District of Tennessee) establishes that MetLife has been using Dr. Hopkins between 400 to 500 times <u>each</u> year for this type of "independent" assignment. (*See* exhibit 1 to this Brief.) The same Dr. Rosenberg acting through Elite Physicians, whose opinion was used as a basis for denying Plaintiff's benefits, was used by MetLife in tandem with Dr. Hopkins to deny benefits to Thomas Wright in the case arising in Tennessee. *See* exhibit 1, MetLife's interrogatory answer at pages 3-4.

The Ninth Circuit has warned of the type of bias Plaintiff may find regarding the frequent use of Dr. Hopkins, Dr. Rosenberg, and Network Medical Review/Elite Physicians.

> "Indeed, far more troubling is the conflict of interest inherent when benefit plans repeatedly hire particular physicians as experts. Especially in cases such as this one, where the plan administrator is also the funding source, these experts have a clear incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting agreements. . . ."

*Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1143 (9th Cir. 2001); (That portion of *Regula* establishing the Treating Physician Rule was overturned in *Nord v. Black & Decker Disability Plan*, 538 U.S. 822 (2003). However, the

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/27/06
Brief Conflict of Interest FNL.wpd

2

1   Supreme Court in *Nord* also stated:

2       "Nor do we question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an 'incentive to make a finding of not disabled' in order to save their employers money and to preserve their own consulting arrangements." *Id* at 832.

3   Another focus of discovery will be the way in which MetLife turned a blind eye, or worse, to Dr. Rosenberg's alteration to language. Each Rosenberg change was designed to make the beneficiary's claim less attractive from Wright's medical records by its reviewer. *See, e.g.,* the Complaint paragraphs 19 b-e. It is not permissible for either doctor or Plan fiduciary to "cherry pick" only information supporting a denial of benefits from a full medical record. *E.g. Webber v. Aetna Life Insurance*, 375 E.Supp.2d 663, 673 (E.D. Tenn 2005):

    "Given these facts, it is difficult to conceive how Aetna could reasonably conclude that plaintiff was not 'totally disabled' as defined by the Plan. Again it is unclear why Aetna accepted this aspect of Dr. Hopkins' opinion in the face of the remaining medical evidence, other than perhaps that Dr. Hopkins' opinion provided a basis to continue to deny plaintiff's claim. In light of the entire record, the Court finds that Aetna's conclusion that plaintiff's AVN was not disabling was arbitrary and capricious."

Wright appealed his adverse termination internally to MetLife with documentation proving that he suffered both obstructive airway disease and restrictive airway disease. For instance, as described by his treating physician, Dr. Brad Barnett:

    "Patient's data demonstrated moderate obstruction with his forced vital capacity representing only 53% of that predicted for him by the standard protocol. Even worse, his forced expiratory fraction 25/75 percent was only 37% of the predicted value. In other words, with regard to the elasticity function of the lung, the patient had a 63% reduction in function compared to a normal individual."

Defendant and its reviewing doctor ignored the pulmonary aspect of Wright's disability in the report from Dr. Rosenberg, and its denial letter. Dr. Rosenberg qualified all opinions with "from a cardiac perspective only, . . ." *See e.g.,* exhibit 2, Administrative Record at 0164. The reviewing physician Rosenberg never confronted

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/27/06
Brief Conflict of Interest FNL.wpd

3

1  and analyzed the pulmonary-related problems as a contributing cause of disability, and
2  neither did MetLife.  *See* exhibit 2, Met00163-164.  Dr. Rosenberg explicitly stated that
3  other co-morbidity such as restrictive lung disease "are separate considerations" and he
4  did not consider them as a part of the disabling cocktail of problems facing Wright.  *See*
5  exhibit 2, Met00165.  Wright needs to ask questions regarding these issues to develop
6  evidence of the conflict of interest.

## PROPOSED DISCOVERY

Attached as exhibits 3, 4, and 5 are Non-Uniform Interrogatories, Requests for Production, and Requests to Admit which illustrate attempts to obtain admissible evidence regarding the conflict of interest of MetLife.  While these are by no means exclusive of the type of questions which may be asked, they are illustrative of those questions.  Depositions of Dr. Rosenberg, Dr. Hopkins, those at MetLife responsible for retaining them for the assignment in Wright, and a 30(b)(6) corporate witness are also planned and needed to explore the conflict of interest issue.  Further discovery may also include depositions of officials from Elite Physicians, Ltd; Network Medical Review; and Sandpiper, LLC companies which receive funds from insurance companies to provide services from doctors such as Drs. Hopkins and Rosenberg.

## CONCLUSION

For the reasons set forth above, the normal Rules of Civil Procedure are applicable to this ERISA case regarding the critical issue of conflict of interest and what standard of review should be applied to the facts of this case.

RESPECTFULLY SUBMITTED February _____, 2006.

       WATERFALL, ECONOMIDIS, CALDWELL,
        HANSHAW & VILLAMANA, P.C.


       By   **s/**_____
         Barry Kirschner
         Attorneys for Plaintiff

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/27/06
Brief Conflict of Interest FNL.wpd

4

1 | ORIGINAL of the foregoing filed
electronically February 27, 2006 with:

2

U. S. District Court of Arizona
3 | 405 W. Congress
Tucson, AZ  85701

4
COPY of the foregoing provided through NEF to:

5
Timothy R. Hyland, Esq.
6 | Dominic L. Verstegen, Esq.
Kunz, Plitt, Hyland
7 |   Demlong & Kleifield, P.C.
3838 N. Central Ave., Ste. 1500
8 | Phoenix, AZ  85012-1902
Attorneys for Defendants:

9
COPIES of the foregoing and the NEF
10 | delivered February 28, 2006 to Judge CKJ (JCG)

11 | By  s/_____
        Glades Guisinger

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/2/27/06
Brief Conflict of Interest FNL.wpd

5