IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| THOMAS B. WRIGHT, | ) | |
| | ) | Civil Action No. 3:04-0327 |
| Plaintiff, | ) | Judge Haynes |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Metropolitan Life Insurance Company ("MetLife"), through its through its attorneys, Holland & Hart LLP, hereby submits the following Objections, Responses to Plaintiff's First Set of Interrogatories to Defendant, pursuant to the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Accordingly, the Court's review of this action should be limited to the materials presented to the claims administrator at the time the decision concerning benefits was made. *See Sandoval v. Aetna Life & Cas. Co.*, 967 F.2d 377, 380-81 (10th Cir. 1992); *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1460 (10th Cir. 1991); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990); *Guthrie v. Hewlett-Packard Co. Employee Benefits Org.*, 773 F. Supp. 1414 (D. Colo. 1991). Under the ERISA-mandated scope of review, discovery is limited to determining whether the administrative record (*i.e.*, the claim file) is complete, and

EXHIBIT __1__

any information not in the administrative record is irrelevant. *See, e.g., Macklin v. Retirement Plan for Employees of Kansas Gas & Elec. Co.*, 99 F.3d 1150 (Table), 1996 WL 579940 (10th Cir. 1996); *Caldwell v. Life Ins. Co. of North Am.*, 165 F.R.D. 633, 637 (D. Kan. 1996); *Hemphill v. Unisys Corp.*, 855 F. Supp. 1225, 1239 (D. Utah 1994); *Edens v. Central Benefits Nat'l Life Ins. Co.*, 900 F. Supp. 928, 931 (W.D. Tenn. 1995). Accordingly, MetLife objects to any request for information herein, or any other discovery, which seeks information other than the identification of the administrative record or verification of its completeness. Any other request for information seeks information not relevant to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent that any Interrogatory can be interpreted as requiring MetLife to identify documents or information that may be in the possession, custody or control of Plaintiffs or others and have not yet been made available to or are otherwise not in possession of MetLife or are equally accessible to Plaintiffs, MetLife objects thereto.

A partial response by MetLife to any Interrogatory as set forth below is not deemed to be a waiver by MetLife of its objection thereto (if any) or to the right of MetLife to object to additional, supplemental, or further requests for production, or parts thereof.

These responses are to the best of MetLife's present ability and information. MetLife reserves the right to supplement these responses after completion of discovery and further reserves the right to introduce evidence at the time of trial based upon information and/or documents located, developed, or discovered subsequent to the date hereof, which evidence may supplement, amplify, modify or be in conflict with the following answers which are based upon present information only.

Interrogatory No. 1:

For all of the physicians who evaluated Plaintiff's claim for benefits, or examined his medical records, or otherwise provided an opinion at the request of MetLife in this case, please state whether said physician was an employee of MetLife, or a related company, or, if the physician was not an employee of MetLife, please state how many records wee reviewed by said physician on behalf of MetLife.

Response to Interrogatory No.1:

MetLife objects to this Interrogatory to the extent that it varies from the Interrogatory the Court instructed Plaintiff to submit to MetLife. Specifically, with respect to physicians who evaluated Plaintiff's claim for benefits, but are not employees of MetLife, the Court ordered Plaintiff to submit an Interrogatory inquiring (a) how long such physician has acted as an independent contractor to MetLife, and (b) how many patients MetLife has referred to such physician. Subject to this objection, MetLife responds as follows:

Amy Hopkins, M.D., Board Certified in Internal Medicine and Occupational Medicine, is not an employee of MetLife. Dr. Hopkins is an independent physician consultant retained by MetLife to review Mr. Wright's medical records and provide her opinion regarding Mr. Wright's functional ability. Dr. Hopkins has provided consulting services to MetLife in the form of medical records reviews since September 1999. MetLife is presently reviewing its records to provide a supplemental response regarding the number of files reviewed by Dr. Hopkins on behalf of MetLife.

Michael J. Rosenberg, M.D., Board Certified in Internal Medicine, Cardiology, and Interventional Cardiology, is not an employee of MetLife. Dr. Rosenberg is an independent physician consultant who reviewed Mr. Wright's medical records and provided his opinion

3

regarding Mr. Wright's functional ability. MetLife retained Elite Physicians, Ltd., a physician referral service, to have a Board Certified cardiologist conduct a medical records review of Mr. Wright's file. Elite Physicians, Ltd. referred Mr. Wright's file to Dr. Rosenberg. MetLife does not maintain records regarding the number of files Dr. Rosenberg may have reviewed for MetLife because the referral was made, and any services paid for, through Elite Physicians, Ltd.

Gary P. Greenhood, M.D., Board Certified in Internal Medicine and Infectious Disease, is not an employee of MetLife. Dr. Greenhood is an independent physician consultant who reviewed Mr. Wright's medical records and provided his opinion regarding Mr. Wright's functional ability. MetLife retained Elite Physicians, Ltd., a physician referral service, to have a physician Board Certified in internal medicine and infectious disease conduct a medical records review of Mr. Wright's file. Elite Physicians, Ltd. referred Mr. Wright's file to Dr. Greenhood. MetLife does not maintain records regarding the number of files Dr. Greenhood may have reviewed for MetLife through Elite Physicians because the referral was made, and any services paid for, through Elite Physicians, Ltd. Dr. Greenhood also has been retained directly by MetLife to provide consulting services to MetLife in the form of medical records reviews with respect to other claimants (although not with respect to Mr. Wright).

Robert G. Slack, M.D., Board Certified in Psychiatry and Neurology, is not an employee of MetLife. Dr. Slack is an independent physician consultant who reviewed Mr. Wright's medical records and provided his opinion regarding Mr. Wright's functional ability and related matters. MetLife retained Elite Physicians, Ltd., a physician referral service, to have a Board Certified psychiatrist conduct a medical records review of Mr. Wright's file. Elite Physicians, Ltd. referred Mr. Wright's file to Dr. Slack. MetLife does not maintain records regarding the

number of files Dr. Slack may have reviewed for MetLife because the referral was made, and any services paid for, through Elite Physicians, Ltd.

Supplemental Response to Interrogatory No. 1:

MetLife incorporates its objections and responses set forth in its Response to Interrogatory No. 1. MetLife further states that Amy Hopkins, M.D., has reviewed an average of four to five hundred files a year on behalf of MetLife since September 1999.

OATH

STATE OF NEW YORK

COUNTY OF QUEENS

Personally appeared before me, the undersigned, a Notary Public in and for said state and county, Laura Sullivan, who acknowledged that (s)he is a Business Consultant of Metropolitan Life Insurance Company, and that the answers contained in the foregoing interrogatories are true and correct to the best of her information, knowledge and belief.

Metropolitan Life Insurance Company

By: _____

Sworn to and subscribed before me this
10th day of September 2004.

_____
NOTARY PUBLIC
My Commission Expires: _____

LAWRENCE WOLFF
Notary Public, State of New York
No. 4921522
Qualified in Queens County
My Commission Expires February 01, 2006

5

Respectfully submitted,

*[signature]*

Joel T. Galanter
Stokes, Bartholomew, Evans & Petree P.A.
424 Church Street, Suite 2800
Nashville, Tennessee 37219
(615) 259-1450
Attorneys for Defendant
Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of September 2004, a copy of the above was sent by U.S. Mail to Eric L. Buchanan at 414 McCallie Avenue, Chattanooga, Tennessee 37402, and by facsimile at 423-634-2505.

*[signature]*

Joel Galanter