**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Alan Wright,                   )<br>              Plaintiff,          )<br>                                )<br>vs.                             )<br>                                )<br>Raytheon Company Short Term    )<br>Disability Plan, *et. al.*,     )<br>                                )<br>              Defendants.       ) | CV-05-604-TUC-CKJ (JCG)<br><br>**ORDER** |

On February 7, 2006, the Court ordered the parties to provide supplemental briefing regarding Plaintiff's claim that he is entitled to conduct discovery in this matter on the issue of conflict of interest (Doc. No. 18). Pending before the Court is Plaintiff's brief in support of his right to conduct discovery, filed on February 27, 2006 (Doc. No. 22). Defendants filed a response on March 16, 2006 (Doc. No. 23) and Plaintiff filed a reply on March 27, 2006 (Doc. No. 24).

Plaintiff has asserted claims against Defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1101 *et. seq*. In the present case, MetLife is the plan administrator. (Complaint, ¶ 1; Answer, ¶ 1.) Plaintiff challenges the denial of benefits under two plans: the Raytheon Company Short Term Disability Plan and the Raytheon Company Long Term Disability Plan. (Complaint, ¶ 1.) MetLife both insures and pays claims under the Short Term Disability Plan.[1] (Response, pg. 11.) An insurer who

---

[1] Although Plaintiff alleges that MetLife operates under an inherent conflict of interest with respect to both plans, Defendants contend that they do not insure the Long Term Disability Plan and therefore have no vested interest in whether claims are paid. (Response, pg. 11.) Plaintiff did not respond to that assertion.

1  serves in a dual role as both the funding source and the administrator of a benefits plan
2  operates under an "apparent" conflict of interest. Lang v. Long-Term Disability Plan of
3  Sponsor Applied Remote Tech., Inc., 125 F.3d 794, 797-98 (9th Cir.1997). Plaintiff claims
4  that both an apparent and actual conflict of interest on the part of Defendants caused
5  Defendants to unfairly deny his benefits. (Complaint, ¶ 20). To that end, Plaintiff seeks to
6  conduct discovery relevant to his claim that Defendants' self-interest caused a breach of the
7  administrator's fiduciary obligations to Plaintiff. Defendants contend that Plaintiff is not
8  permitted to conduct discovery in this matter, because the Court's review in ERISA cases is
9  limited to the administrative record.

10  Whether and when the Court looks beyond the administrative record in an ERISA case
11  depends upon the standard of review that the Court applies. Ordinarily, when a benefits plan
12  grants the plan administrator discretion, as is the case here (see Defendants' Response, pg.
13  9 n. 3, noting that the parties do not dispute that the plans grant discretion to MetLife), a
14  court reviewing denial of the benefits will apply an abuse of discretion standard. See
15  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When an abuse of
16  discretion standard is applied, the Court limits its review to the administrative record. See
17  Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1472 (9th Cir. 1993).

18  However, the existence of a conflict of interest can affect this degree of judicial
19  deference. See Firestone, 489 U.S. at 115 (indicating that courts must weigh the conflict as
20  a factor in determining whether an abuse of discretion has occurred). The showing of a
21  conflict does not automatically eliminate the usual deference accorded to the plan
22  administrator; rather, the plaintiff must show "that the conflict may have influenced the
23  decision." See Lang, 125 F.3d at 798. "To make such a showing, the affected beneficiary
24  must come forward with 'material, probative evidence, beyond the mere fact of the apparent
25  conflict, tending to show that the fiduciary's self interest caused a breach of the
26  administrator's fiduciary obligations to the beneficiary.' " Id. (quoting Atwood v. Newmont
27  Gold Co., Inc., 45 F.3d 1317, 1323 (9th Cir.1995)). If the plaintiff makes this required
28  showing, the plan then bears the burden of rebutting the presumption by producing evidence

to show that the conflict did not affect its decision to deny benefits. See Atwood, 45 F.3d at 1323. If the plan fails to do so, the court reviews the denial of benefits *de novo*. Id. The Court has discretion whether to look beyond the administrative record in reviewing the denial of benefits *de novo*. See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan, 46 F.3d 938, 943-44 (9th Cir. 1995).

Thus, before the Court reviews the plan administrator's decision to deny benefits, it engages in an initial inquiry regarding whether material probative evidence of an *actual*, as opposed to an *apparent*, conflict of interest exists such that the Court should apply a *de novo* standard of review. In this initial inquiry into whether an actual conflict of interest exists, the Court may look beyond the administrative record. See Tremain v. Bell Industries, Inc., 196 F.3d 970, 976-77 (9th Cir. 1999).

Although the Ninth Circuit's holding in Tremain permits the Court to review evidence outside the administrative record in determining the appropriate standard of review, it has not addressed how that evidence is obtained, *i.e.* whether the plaintiff may conduct discovery in order to obtain the "material, probative evidence . . . tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations," see Lang, 125 F.3d at 798, required in order to receive *de novo* review. District courts in this Circuit however, have reasoned that because Tremain allows such evidence to be considered, the plaintiff must be entitled to engage in limited discovery in order to obtain that evidence. See Medford v. Metropolitan Life Ins., 244 F. Supp. 2d 1120, 1129 (D. Nev. 2003) (plaintiff should be allowed limited discovery on issues related to what standard of review should be applied); Frost v. Metropolitan Life Ins. Co., 414 F.Supp.2d 961, 964-65 (C.D. Cal. 2006) (noting that "several courts, following Tremain, have found that limited discovery is permissible in ERISA actions to determine whether the insurer's determination to deny benefits was influenced by its conflict of interest" and holding same). This Court agrees with its sister districts that limited discovery is appropriate if relevant to plaintiff's allegation that an actual conflict of interest caused the plan administrator to deny his benefits.

However, in order to be able to conduct discovery related to the conflict of interest

3

1  issue, Plaintiff must present allegations supported by the administrative record which, if
2  proven, would amount to "material, probative evidence" tending to show that Defendants'
3  self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary.
4  If such allegations are not present, plaintiffs would be able to engage in the sorts of fishing
5  expeditions that could quickly undermine ERISA's goal of providing "a method for workers
6  and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."  Taft,
7  9 F.3d at 1472. "Material, probative evidence" may consist of inconsistencies in the plan
8  administrator's reasons, insufficiency of those reasons, or procedural irregularities in the
9  processing of the beneficiaries claims, see Nord v. Black & Decker Disability Plan, 356 F.3d
10 1008, 1010 (9th Cir. 2004), as well as reliance on an improper definition of disability under
11 the plan, determination of a material fact for which the administrator has no evidence, failure
12 to provide reasons for denial of benefits, or failure to provide sufficient notice of denial. See
13 Medford, 244 F.Supp.2d at 1129.  Finally, a plaintiff may prove conflict of interest by
14 demonstrating that "the record, taken as a whole, reflects that the administrator acted as an
15 adversary bent on denying the beneficiary's claim and oblivious to her fiduciary obligations
16 of the LTD plan."  Id. (citation and quotation omitted).

17       Of these, Plaintiff has alleged the last factor.  Plaintiff claims that Defendants make
18 frequent use of the particular physicians hired to review his claim and provides incentive to
19 those physicians to make a finding of "not disabled."  (Complaint, ¶¶ 12 - 32; Brief in
20 Support of Plaintiff's Right to Conduct Discovery, pgs. 2-4.) Plaintiff claims that the doctors
21 relied on by Defendants receive 400-500 "independent" assignments from Defendants each
22 year, that Defendants carefully crafted the questions posed to the reviewing physicians in
23 order to guide their opinions, and that Defendants ignored factual and logical errors in the
24 reviewing physicians' reports in order to justify termination of benefits.  (Id.)  Plaintiff also
25 claims that in his particular case one of the doctors retained by Defendants altered language
26 from Plaintiff's treating physician's records, and considered his health from a cardiac
27 perspective only, despite medical evidence that Plaintiff also suffered from pulmonary
28 disabilities and mental health issues.  (Id.)  Plaintiff's allegations are supported by citation


to the administrative record, including a letter from his treating physician to Defendants, in which his treating physician states that a physician retained by Defendants misrepresented the treating physician's comments to her regarding Plaintiff's position and "seemed to have a pre-conceived notion that stress was why the patient was out of work."[2] (Plaintiff's Brief, Exh. 1.) These allegations, if proven, could amount to evidence of an actual conflict of interest on the part of Defendants such that their denial of benefits should be reviewed *de novo*. See Frost, 414 F.Supp.2d at 964-65.

THEREFORE, IT IS ORDERED:

1. Plaintiff is permitted to conduct limited discovery related to the independence or neutrality of the physicians utilized by MetLife in Plaintiff's case;

2. The scheduling conference previously set for January 31, 2006 and vacated by this Court's order dated February 7, 2006 is re-set for Thursday, April 27, 2006 at 9:30 a.m. before Magistrate Guerin's law clerk, Stacy Butler, at 520-205-4610. The conference will be held telephonically and will be initiated by the Plaintiff with all appropriate parties on the line.

3. The parties may submit a revised joint report for the April 27, 2006 scheduling conference; if they choose to do so, the revised joint report must be filed by April 25, 2006.

DATED this 19th day of April, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge

---

[2] The Court notes that the plaintiff in Frost also sued MetLife alleging that her benefits were wrongly denied, and that in that case MetLife had relied on the opinion of the same physician – Dr. Amy Hopkins – and the same medical consulting company – Network Medical Review – that recommended denial of Plaintiff's benefits in this case. See Frost, 414 F.Supp.2d at 962-63.