IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ALAN WRIGHT,

    Plaintiff,

vs.

RAYTHEON COMPANY SHORT TERM DISABILITY PLAN, et al.,

    Defendant.

No. CIV 05-604-TUC-CKJ(JCG)

**ORDER**

On or about April 20, 2006, Magistrate Judge Jennifer C. Guerin issued an Order permitting limited discovery related to the independence or neutrality of physicians utilized by MetLife in Plaintiff's case. Defendants have objected to that Order and Plaintiff has filed a response. The Court finds resolution of the issues appropriate without oral argument.

*Background*

Plaintiff Alan Wright ("Wright") was a participant in the Raytheon Short-Term and Log-Term Disability Benefit Plans. These plans are established and maintained by Raytheon (the plan administrator) and are governed by the Employment Retirement and Income Security Act of 1974 ("ERISA"). Metropolitan Life Insurance Company ("MetLife") is the claims administrator for the plans.

*ERISA – Discovery*

In most ERISA cases, judicial review is limited to the administrative record. 1 Ann.2004 ATLA-CLE 459 (2004); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th

Cir. 1999). A court reviewing a denial of benefits generally applies an abuse of discretion standard. *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115 (1989). However, the existence of a conflict of interest may affect the degree of judicial deference. *Id*., at 155. Until recently, the Ninth Circuit interpreted *Firestone* as requiring a heightened scrutiny of decisions made by plan administrators with a conflict of interest, but only if the claimant produced "material probative evidence" that tended to show that the administrator's conflict of interest actually caused a breach of a fiduciary duty. *See Atwood v. Newmont Gold.*, 45 F.3d 1317, 1322 (9th Cir. 1995).

Recently, the Ninth Circuit stated the heightened scrutiny test placed an unreasonable burden on ERISA plaintiffs. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006). The court further held that an abuse of discretion review is appropriate anytime "an ERISA plan grants discretion to the plan administrator, but a review informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record. This standard applies to the kind of inherent conflict that exists when a plan administrator both administers the plan and funds it, as well as to other forms of conflict." *Id*., at 967. This straightforward abuse of discretion standard is inherently flexible and allows a reviewing court to tailor its review to all the circumstances before it. *Id*. at 968. In other words, the standard of review does not change when there is a conflict of interest, but the conflict of interest must be considered in determining whether there has been an abuse of discretion. Moreover, in determining how much weight to give a conflict of interest under the abuse of discretion standard, the court may consider "evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny." *Id*., at 970. Indeed, evidence outside of the record may be considered "to decide the nature, extent and effect on the decision-making process of any conflict of interest; the decision on the merits, though must rest on the administrative record once the conflict (if any) has been established." *Id*.

In this case, MetLife is the claims administrator of the LTD Plan, but not the funding source for the Plan benefits. In other words, there is no structural conflict of interest in this case. *See Abatie*, 458 F.3d at 965. However, an actual conflict of interest is to be considered even under the abuse of discretion standard. Moreover, the *Abatie* court stated that evidence outside of the record is to be considered in determining the conflict of interest. As the magistrate judge stated, discovery may be appropriate if relevant to Wright's allegation that an actual conflict of interest caused MetLife to deny benefits. MetLife disputes Wright's allegation that an actual conflict of interest exists because the use of third party vendors employing physicians to conduct medical reviews is not improper or conflicted. MetLife asserts that the multiple use of a consultant is not problematic. However, the Ninth Circuit has recognized that there is an inherent conflict of interest "when benefit plans repeatedly hire particular physicians as experts." *Regula v. Delta Family-Care Disability Survivorship*, 266 F.3d 1130, 1143 (9th Cir. 2001), *abrogated on other grounds, Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ("[T]reating physician rule" has no application in ERISA cases; plan administrators are not required to accord special deference to the opinions of treating physicians; "we [do not] question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements."); *see also Abromitis v. Continental Cas. Co./CNA Ins. Companies*, 261 F.Supp. 2d 388, 391 (W.D.N.C. 2003) ("judges are not oblivious to the influence wielded by companies who can afford to provide large amounts of business to consultants who render opinions in their favor").

In addition to that inherent conflict of interest, Wright has also alleged that MetLife carefully crafted the questions posed to the consultants, MetLife ignored factual and logical errors in reviewing the reports, a consultant hired by MetLife altered language of Wright's treating physician's records, and a consultant did not consider all of Wright's physical and mental health issues. The Court finds that these allegations could amount to an actual

conflict of interest.[1]

Although courts have restricted efforts to obtain discovery in ERISA cases, *see e.g., Palmer v. University Medical Group*, 973 F.Supp. 1179 (D.Or. 1997); *see also Alford v. DCH Foundation Group Long-Term Disability Plan*, 311 F.3d 955 (9th Cir. 2002) (permitting court to consider evidence not included in administrative record may lead to conclusion that administrator abused its discretion by failing to consider evidence not before it); *Kearney v. Standard Ins.* Co., 175 F.3d 1084 (9th Cir. 1999) (district court properly excludes proffered, extra-record evidence where (1) it could have easily been submitted to plan administrator or (2) was not needed to conduct adequate *de novo* review), courts have permitted limited discovery. In light of the particular allegations of Plaintiff of an actual conflict of interest, the Court finds discovery is appropriate in this matter.

MetLife asserts, however, that discovery as ordered by the magistrate judge would improperly expand ERISA cases because the ordered discovery does not go to a conflict of interest by the decision maker but to the possibility of a conflict of interest by a third party consultant. However, allowing discovery to show a conflict of interest based on a consultant's relationship to an insurance company may be appropriate. *See Frost v. Metropolitan Life Ins. Co.*, 414 F.Supp.2d 961, 964-65 (C.D.Cal. 2006); *but see Abromitis*. The Court finds Wright has demonstrated good cause to conduct limited discovery. The Court finds inquiry into the alleged bias or conflict of interest of MetLife, including its consultants, is appropriate. *Waggener v. Unum Life Insurance Co. of America*, 238 F.Supp.2d 1179 (S.D.Cal. 2002). The limited discovery will not "overshadow the principal issue in the litigation – whether the claimant was entitled to benefits." *Palmer v. University Medical Group*, 973 F.Supp. 1179, 1188 (D.Or. 1997). However, discovery shall not be as

---

[1]The Court notes that MetLife disputes the facts and their significance as alleged by Wright. However, the Court does not find resolution of any factual disputes to be appropriate at this time. Similarly, it is not appropriate to determine which parties' conclusions or inferences regarding the evidence should be given more weight at this time.

- 4 -

1  broad as in other types of civil cases and must be limited and closely tailored to the conflict
2  of issuess claims.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95
3  L.Ed.2d 39 (1987).

5      Accordingly, IT IS ORDERED:
6      1.    The April 20, 2006, Order [Doc. # 25] of the magistrate judge is ADOPTED.
7      2.    This matter is referred back to Magistrate Judge Guerin for further pretrial
8  proceedings.
9      DATED this 1st day of December, 2006.

                                  */s/ Cindy K. Jorgenson*
                                  Cindy K. Jorgenson
                                  United States District Judge