1

2   WATERFALL, ECONOMIDIS,
      CALDWELL, HANSHAW & VILLAMANA, P.C.
3   5210 E. Williams Circle, #800
    Tucson, AZ 85711
4   (520) 745-7810
    Fax (520) 745-1279

5   Barry Kirschner/PCC31284/SBN 005592
    Attorneys for Plaintiff

6           IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8   ALAN WRIGHT,                    | No.: CIV 05-604 TUC CKJ (JCG)
            Plaintiff,

9
    v.
10
    RAYTHEON COMPANY SHORT
11  TERM DISABILITY PLAN,
    RAYTHEON COMPANY LONG
12  TERM DISABILITY PLAN, and
    METROPOLITAN LIFE
13  INSURANCE COMPANY,
            Defendants.

14

15          **TABLE OF CONTENTS FOR EXHIBITS TO**
            **PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

16

17      1   Administrative Record specific pages identified
            (The complete Administrative Record was filed with the Court by
18          Defendants.)

19      2   Kirschner January 14, 2008 e-mail

20      3   Discovery Responses:
            Defendants Responses to Plaintiff's Non Uniform Interrogatories
21          Defendants' Responses to Plaintiff's Requests for Production
            Defendants' Responses to Plaintiff's Requests (No. 11)
22          Defendants' Supplemental Responses to Plaintiff's Requests for Nos. 5 and 23

23      4   Bronnimann April 25, 2006 letter to Barry Kirschner

24

25

26

BK/gg/6/30/08
Plt SOF FINAL.wpd

**EXHIBIT 2**

## Barry Kirschner

**From:** Barry Kirschner

**Sent:** Monday, January 14, 2008 8:34 PM

**To:** 'Dominic L. Verstegen'

**Subject:** Wright adv. MetLife: Protective Order

Dom

The Court's Order regarding confidentiality does not affect your obligation to either admit Request for Admit #5 or produce evidence in support of your assertion that a medical doctor considered Wright's pulmonary disability as a factor in arriving at the conclusion that Wright was not disabled. Are you going to admit #5 or produce and describe, and locate the evidence which would support a denial? This can be done without waiting for working out the terms of a confidentiality agreement.

I also want to know whether your client will continue to take the position that the only thing at issue in this matter is the short term disability. If you continue to take that position, I will have to explore all of the remedies which should come to bear against such a position and all the forums in which such a remedy should be pursued. Considering the position taken in your recent memorandum, please have your client declare in writing that both short and long term disability are within the subject of the decision to be made in this action by the court.

Thanks for your cooperation. May I count on you getting back to me with whether Request to Admit #5 is admitted by January 22? bk

BARRY KIRSCHNER
Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C.
Williams Centre, Eighth Floor
5210 East Williams Circle
Tucson, Arizona 85711
Phone: 520-745-7810
E-mail: barry@wechv.com
Website: www.wechv.com
**From:** Dominic L. Verstegen [mailto:dlv@kunzlegal.com]
**Sent:** Monday, January 14, 2008 10:27 AM
**To:** Barry Kirschner
**Subject:** Wright adv. MetLife: Protective Order

Barry,

The Court ordered us to cooperate with each other to negotiate a confidentiality agreement (see 12/26/07 Order, page 9). I'll prepare one using a form we've used many times before. Let me know if that's OK, and if you have anything that you specifically do or do not want in there.

Thanks.

Dominic

Dominic L. Verstegen
Kunz Plitt Hyland Demlong & Kleifield
3838 N. Central Ave., Suite 1500
Phoenix, AZ 85012-1902
Tel: 602-889-2976
Fax: 602-331-8600
Email: dlv@kunzlegal.com

CONFIDENTIAL/ATTORNEY-CLIENT PRIVILEGED/ATTORNEY WORK PRODUCT

6/28/2008

# EXHIBIT 3

1  Timothy R. Hyland (I.D. No. 010298)
   Dominic L. Verstegen (I.D. No. 022308)
2  **KUNZ PLITT HYLAND**
   **DEMLONG & KLEIFIELD**
3  3838 North Central Avenue, Suite 1500
   Phoenix, Arizona 85012-1902
4  Email: trh@kunzlegal.com
   Email: dlv@kunzlegal.com
5  Tel: (602) 331-4600
   Fax: (602) 331-8600
6
   Attorneys for Defendants Raytheon Company STD Plan,
7  Raytheon Company LTD Plan and Metropolitan Life Insurance Company

8          **IN THE UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF ARIZONA**

10

11  Alan Wright,                          NO.  CIV 05-604 TUC CKJ (JCG)

12              Plaintiff,                **DEFENDANTS' RESPONSES TO**
                                          **PLAINTIFF'S "NON-UNIFORM"**
13  vs.                                   **INTERROGATORIES**

14  Raytheon Company Short Term
    Disability Plan; Raytheon Company
15  Long Term Disability Plan, and
    Metropolitan Life Insurance Company,
16
                Defendants.
17

18      Defendants, by and through undersigned counsel, and pursuant to Rule 33,

19  *Federal Rules of Civil Procedure*, hereby respond to Plaintiff's Non-Uniform

20  Interrogatories as follows:

21          **PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

22      This is an action brought pursuant to the Employee Retirement Income Security

23  Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Accordingly, the Court's

24  review of this action should be limited to the materials presented to the claims

25

1    administrator at the time the decision concerning benefits was made.  *See Kearney v.*
2    *Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).  Under the ERISA-mandated
3    scope of review, discovery is limited to determining whether the administrative record
4    (*i.e.*, the claim file) is complete, and any information not in the administrative record is
5    irrelevant.  *Id.*  Accordingly, Defendants generally object to any request for information
6    herein, or any other discovery, which seeks information other than the identification of
7    the administrative record or verification of its completeness.  Limited discovery can be
8    allowed under certain circumstances relating to the effect of any conflict of interest.
9    *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006).  Defendants
10   assert that there is no conflict of interest in this matter.  Further, any other request for
11   information seeks information not relevant to the issues in this case and is not reasonably
12   calculated to lead to the discovery of admissible evidence.

13        To the extent that any Interrogatory can be interpreted as requiring Defendants to
14   identify documents or information that may be in the possession, custody or control of
15   Plaintiff or others and have not yet been made available to or are otherwise not in
16   possession of Defendants or are equally accessible to Plaintiff, Defendants object thereto.

17        A partial response by Defendants to any Interrogatory as set forth below is not
18   deemed to be a waiver by Defendants of their objection thereto (if any) or the right of
19   Defendants to object to additional, supplemental, or further requests for production, or
20   parts thereof.

21        These responses are to the best of Defendants' present ability and information.
22   Defendants reserve the right to supplement these responses after completion of discovery
23   and further reserves the right to introduce evidence at the time of trial based upon
24   information and/or documents located, developed, or discovered subsequent to the date

25

1   hereof, which evidence may supplement, amplify, modify or be in conflict with the

2   following answers which are based upon present information only.

3

4               **RESPONSES TO "NON-UNIFORM" INTERROGATORIES**

5   1.    Has MetLife ever been found to have a conflict of interest which caused the

6   standard of review in an ERISA case to be de novo?

7               **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request
8               on the grounds that it is overly broad, irrelevant, and not reasonably
                calculated to lead to the discovery of admissible evidence. Discovery is not
9               generally not permitted in actions such as this governed by ERISA.
                *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).
10              Limited discovery relating to a conflict of interest may be allowed under
11              appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955,
                967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge
12              Guerin, and affirmed by the District Court, did allow some discovery, but
                only permitted "limited discovery related to the independence or neutrality
13              of the physicians utilized by MetLife in this case." This inquiry does not
                relate to the independence or neutrality of the physicians utilized by
14              MetLife in this case. Therefore, it is not permissible discovery. Subject to,
15              and without waiver of, all general and specific objections, Defendants
                respond that MetLife has been found, in certain situations under particular
16              facts, to have a conflict of interest which caused the standard of review in
                an ERISA case to be de novo.

17

18        a.    For all such cases, please provide the civil number and the name of the

19   attorney who represented the claimant.

20              **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request
                on the grounds that it is overly broad, irrelevant, unduly burdensome and
21              not reasonably calculated to lead to the discovery of admissible evidence.
22              Discovery is not generally not permitted in actions such as this governed by
                ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir.
23              1999). Limited discovery relating to a conflict of interest may be allowed
                under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458
24              F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by

25                                          - 3 -

1

2

3

4

    Magistrate Judge Guerin, and affirmed by the District Court, did allow
    some discovery, but only permitted "limited discovery related to the
    independence or neutrality of the physicians utilized by MetLife in this
    case." This inquiry does not relate to the independence or neutrality of the
    physicians utilized by MetLife in this case. Therefore, it is not permissible
    discovery.

5

6

7

2.    Has any case in which Dr. Amy Hopkins and/or Dr. Michael J. Rosenberg

reviewed files for MetLife been determined by a court to have been part of a conflict of

interest resulting in a de novo standard review?

8

9

10

11

12

13

14

15

16

17

18

19

    **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request
    on the grounds that it is overly broad, irrelevant, and not reasonably
    calculated to lead to the discovery of admissible evidence. Discovery is not
    generally not permitted in actions such as this governed by ERISA.
    *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).
    Limited discovery relating to a conflict of interest may be allowed under
    appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955,
    967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge
    Guerin, and affirmed by the District Court, did allow some discovery, but
    only permitted "limited discovery related to the independence or neutrality
    of the physicians utilized by MetLife in this case." This inquiry does not
    relate to the independence or neutrality of the physicians utilized by
    MetLife in this case. Therefore, it is not permissible discovery. Subject to,
    and without waiver of, all general and specific objections, Defendants
    respond that there may be cases in which Dr. Amy Hopkins and Dr.
    Michael J. Rosenberg reviewed files for MetLife where, under the facts of
    that particular case, a court has required a de novo standard review.
    Defendants are not aware of any matters where a court has stated the
    participation of either physician constituted a conflict of interest.

20

21

a.    For all such cases, please provide the civil number and the name of the

attorney who represented the claimant.

22

23

24

    **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request
    on the grounds that it is irrelevant, overly broad, unduly burdensome and
    not reasonably calculated to lead to the discovery of admissible evidence.
    Discovery is not generally not permitted in actions such as this governed by

25

- 4 -

ERISA.  *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).  Limited discovery relating to a conflict of interest may be allowed under appropriate conditions.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case.  Therefore, it is not permissible discovery.  Subject to the foregoing objections, Defendants respond:  See response to # 2 above.

3.    For each calendar year starting with 2000, please state the amount paid by MetLife for services performed by Dr. Amy Hopkins.

**OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).  Limited discovery relating to a conflict of interest may be allowed under appropriate conditions.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." Subject to these objections, and without waiver thereof, MetLife paid Dr. Amy Hopkins the following amounts in each of the years listed:

NOTE:  With regard to the amounts set forth below, please note that for some years the amounts differ slightly but not materially from the amounts that have been provided in other matters.  The amounts herein are the result of MetLife having additional information which allows updated calculations and in some instances resulted in slightly but not materially different figures for particular years.

2000   Information not available.

2001   $119.775

2002  $99,542.50

2003  $133,995

2004  $145,520.01

2005  $1,920

4.     For each calendar year starting with 2000, please state the amount paid by MetLife for services performed by Dr. Michael J. Rosenberg.

> **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." Subject to these objections, and without waiver thereof, Defendants respond that Dr. Michael J. Rosenberg is not an employee of MetLife.  Dr. Rosenberg is an independent physician consultant who reviewed Mr. Wright's medical records and provided his opinion. MetLife retained Network Medical Review, a physician referral service, to have a Board Certifiied Cardiologist conduct a medical records review of Mr. Wright's file. Network Medical Review referred the file to Dr. Rosenberg. MetLife did not pay monies directly to Dr. Rosenberg, and any services were paid through Network Medical Review.

2000 _____ none _____

2001 _____ none _____

2002 _____ none _____

2003 _____ none _____

- 6 -

2004 _____none_____

2005 _____none_____

5.    For each calendar year starting with 2000, please state the amount paid by MetLife for services performed by Elite Physicians.

**OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery. Subject to these objections, and without waiver thereof, Defendants respond that Network Medical Review and Elite Physicians are the same entity for all intents and purposes for this litigation. MetLife uses the names interchangeably. MetLife paid Network Medical Review/Elite Physicians the following amounts in each of the years listed:

NOTE: With regard to the amounts set forth below, please note that for some years the amounts differ slightly but not materially from the amounts that have been provided in other matters. The amounts herein are the result of MetLife having additional information which allows updated calculations and in some instances resulted in slightly but not materially different figures for particular years.

2000    See response to # 6 below

2001    See response to # 6 below

2002    See response to # 6 below

2003    See response to # 6 below

- 7 -

1          2004   See response to # 6 below

2          2005   See response to # 6 below

3
4     6.     For each calendar year starting with 2000, please state the amount paid by MetLife

       for services performed by Network Medical Review.
5
6                 **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request
                  on the grounds that it is not reasonably calculated to lead to the discovery
7                 of admissible evidence. Discovery is not generally not permitted in actions
                  such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d
8                 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of
                  interest may be allowed under appropriate conditions. *Abatie v. Alta
9                 Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19,
                  2006 Order issued by Magistrate Judge Guerin, and affirmed by the District
10                Court, did allow some discovery, but only permitted "limited discovery
                  related to the independence or neutrality of the physicians utilized by
11                MetLife in this case." This inquiry does not relate to the independence or
                  neutrality of the physicians utilized by MetLife in this case. Therefore, it is
12                not permissible discovery. Subject to these objections, and without waiver
                  thereof, Defendants respond that Network Medical Review and Elite
13                Physicians are the same entity for all intents and purposes for this litigation.
                  MetLife uses the names interchangeably. MetLife paid Network Medical
14                Review/Elite Physicians the following amounts in each of the years listed:
15
                  NOTE: With regard to the amounts set forth below, please note that for
16                some years the amounts differ slightly but not materially from the amounts
                  that have been provided in other matters. The amounts herein are the result
17                of MetLife having additional information which allows updated
                  calculations and in some instances resulted in slightly but not materially
18                different figures for particular years.
19
                  2000   information not available
20
21                2001   $79,410

22                2002   $174,485

23
                  2003   $568,305
24

25                                          - 8 -

2004  $934,690

2005  $2,063,890

7.    For each calendar year starting with 2000, please state the amount paid by MetLife for services performed by Sandpiper LLC.

     **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery. Subject to these objections, and without waiver thereof, Defendants assert that Sandpiper LLC does not appear in the administrative record pertaining to Mr. Wright's claim. Defendants are not aware of the precise relationship, if any, between Dr. Amy Hopkins and Sandpiper LLC. Any payments to or for work performed by Dr. Hopkins are reflected in the responses to Interrogatory #3 above. Therefore, this request is irrelevant, immaterial and outside the scope of the limited discovery permitted by the Court in this case.

     NOTE: With regard to the amounts set forth below, please note that for some years the amounts differ slightly but not materially from the amounts that have been provided in other matters. The amounts herein are the result of MetLife having additional information which allows updated calculations and in some instances resulted in slightly but not materially different figures for particular years.

     2000    See response to # 3 above*

     2001    See response to # 3 above*

     2002    See response to # 3 above*

- 9 -

2003   See response to # 3 above*

2004   See response to # 3 above*

2005   See response to # 3 above*

*The response to interrogatory #3 reflects payments to or on behalf of Dr. Amy Hopkins for work performed by her.

8.    Does MetLife have rules to protect a beneficiary such as Alan Wright from having his claim of disability, resulting in whole or part from restrictive airway disease and obstructive airway disease, from being rejected without consideration of these pulmonary problems?

> **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery. Further, Defendants object as to foundation and that this Interrogatory is argumentative. Subject to, and without waiver of, all general and specific objections, Defendants respond that MetLife complies with the statutory requirements of ERISA and the obligations set forth in the Plan.

a.    Please state all such policies in sufficient detail where they can be adequately requested in a formal Request for Production.

> **OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions

- 10 -

such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery. Further, Defendants object as to foundation and that this Interrogatory is argumentative. Subject to, and without waiver of, all general and specific objections, Defendants respond that MetLife complies with the statutory requirements of ERISA and the obligations set forth in the Plan.

9.    Identify all reserves and the dates on which they were set at any time in connection with the Wright claim, including, but not limited to, all present value calculations made at any time of benefits payable, or potentially payable.

**OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery.

10.    Identify all case numbers and plaintiffs' attorneys by name, address, and phone numbers for matters which have been in litigation subsequent to denial or termination of benefits based on information or opinions of Dr. Michael Rosenberg or Dr. Amy Hopkins.

- 11 -

**OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is irrelevant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not directly relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery.

DATED this $1^{\cdot}$ day of January, 2007.

KUNZ PLITT HYLAND
DEMLONG & KLEIFIELD
A Professional Corporation

By_____
　　　Timothy R. Hyland
　　　Dominic L. Verstegen
　　　3838 North Central Avenue, Suite 1500
　　　Phoenix, Arizona 85012-1902
　　　Attorneys for Defendants

ORIGINAL of the foregoing mailed
this _12_ day of January, 2007, to:

Barry Kirschner
Waterfall, Economidis, Caldwell,
Hanshaw & Villamana, P.C.
5210 E. Williams Circle, Ste. 800
Tucson, AZ 85711
Attorneys for Plaintiff

*alice Murphy*

1                                    VERIFICATION

2

3   STATE OF NEW YORK    )
                         )  ss:
4   County of Oneida     )

5

6        Francis Anderson, being first duly sworn upon his oath deposes and says:

7        1.      I am a Litigation & Appeals Analyst for Metropolitan Life Insurance Company.

8        2.      I certify that I have read the foregoing Responses to Plaintiff's "Non-Uniform"

9   Interrogatories and know the contents thereof.

10       3.      On behalf of defendants, I further certify that the information contained therein is

11  true to the best of my present knowledge, information and belief.

12

13                                    _____
                                      Francis Anderson
14

15

16       SUBSCRIBED AND SWORN TO before me this _12th_ day of January, 2007.

17

18                                    _____
                                      Notary Public
19

20  My Commission Expires:                    Lori L. Toner
                                      NOTARY PUBLIC STATE OF NEW YORK
21  _____        Qualified in Oneida County
                                      Commission Expires 12/29/09
22                                    Reg. No. 01HА0000824

23

24

25

JAN 1 0 2007

1   Timothy R. Hyland (I.D. No. 010298)
    Dominic L. Verstegen (I.D. No. 022308)
2   **KUNZ PLITT HYLAND**
    **DEMLONG & KLEIFIELD**
3   3838 North Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
4   Email: trh@kunzlegal.com
    Email: dlv@kunzlegal.com
5   Tel: (602) 331-4600
    Fax: (602) 331-8600
6
  Attorneys for Defendants Raytheon Company STD Plan,
7   Raytheon Company LTD Plan and Metropolitan Life Insurance Company

8          **IN THE UNITED STATES DISTRICT COURT**

9                **DISTRICT OF ARIZONA**

10

| | |
|---|---|
| 11   Alan Wright, | NO. CIV 05-604 TUC CKJ (JCG) |
| 12           Plaintiff, | **DEFENDANTS' RESPONSES TO** |
| 13   vs. | **PLAINTIFF'S REQUESTS FOR PRODUCTION** |
| 14   Raytheon Company Short Term | |
|     Disability Plan; Raytheon Company | |
| 15   Long Term Disability Plan, and | |
|     Metropolitan Life Insurance Company, | |
| 16 | |
|          Defendants. | |
| 17 | |

18       Defendants, by and through undersigned counsel, and pursuant to Rule 34,

19   *Federal Rules of Civil Procedure*, hereby respond to Plaintiff's Requests for Production

20   as follows:

21           **PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

22       This is an action brought pursuant to the Employee Retirement Income Security

23   Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Accordingly, the Court's

24   review of this action should be limited to the materials presented to the claims

25

1   administrator at the time the decision concerning benefits was made. *See Kearney v.*
2   *Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Under the ERISA-mandated
3   scope of review, discovery is limited to determining whether the administrative record
4   (*i.e.*, the claim file) is complete, and any information not in the administrative record is
5   irrelevant. *Id.* Accordingly, Defendants generally object to any request for information
6   herein, or any other discovery, which seeks information other than the identification of
7   the administrative record or verification of its completeness. Limited discovery can be
8   allowed under certain circumstances relating to the effect of any conflict of interest.
9   *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). Defendants
10  assert that there is no conflict of interest in this matter. Further, any other request for
11  information seeks information not relevant to the issues in this case and is not reasonably
12  calculated to lead to the discovery of admissible evidence.

13       To the extent that any Request for Production can be interpreted as requiring
14  Defendants to identify documents or information that may be in the possession, custody
15  or control of Plaintiff or others and have not yet been made available to or are otherwise
16  not in possession of Defendants or are equally accessible to Plaintiff, Defendants object
17  thereto.

18       A partial response by Defendants to any Request for Production as set forth below
19  is not deemed to be a waiver by Defendants of their objection thereto (if any) or the right
20  of Defendants to object to additional, supplemental, or further requests for production, or
21  parts thereof.

22       These responses are to the best of Defendants' present ability and information.
23  Defendants reserve the right to supplement these responses after completion of discovery
24  and further reserves the right to introduce evidence at the time of trial based upon

25  - 2 -

1  information and/or documents located, developed, or discovered subsequent to the date

2  hereof, which evidence may supplement, amplify, modify or be in conflict with the

3  following answers which are based upon present information only.

4  ## RESPONSES TO REQUESTS FOR PRODUCTION

5  1.     All documents referred to in answer to non-uniform interrogatories served in this

6  civil action.

7  > **RESPONSE**: Defendants object to plaintiff's request on the grounds that it
8  > is overly broad and not reasonably calculated to lead to the discovery of
   > admissible evidence.  Discovery is not generally not permitted in actions
9  > such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d
   > 1084, 1090 (9th Cir. 1999).  Limited discovery relating to a conflict of
10 > interest may be allowed under appropriate conditions.  *Abatie v. Alta
   > Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19,
11 > 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District
   > Court, did allow some discovery, but only permitted "limited discovery
12 > related to the independence or neutrality of the physicians utilized by
   > MetLife in this case."  This inquiry does not relate to the independence or
13 > neutrality of the physicians utilized by MetLife in this case. Therefore, it is
14 > not permissible discovery.

15
   > Subject to these objections, and without waiver thereof, Defendants did not
16 > refer to any documents in their Responses to Plaintiff's "Non-Uniform"
   > Interrogatories, and thus no documents are responsive to this Request.
17

18 2.     All communications to or from MetLife and any of the following which relates to

19 advertisement of services to be offered, the price of those services, the availability of Dr.

20 Hopkins and/or Dr. Rosenberg to provide services, and anything related to the marketing

21 of those services since January 1, 2000:

22     a.     Dr. Amy Hopkins;

23     b.     Dr. Michael J. Rosenberg;

24

25  - 3 -

c.    Elite Physicians, Ltd.;

d.    Network Medical Review, and

e.    Sandpiper, LLC.

**RESPONSE**: Defendants object to plaintiff's request on the grounds that it is vague, overly broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.    Further, Defendants object to plaintiff's request on the grounds that it seeks confidential and proprietary business documents which are protected and not subject to production. Moreover, discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case."

Subject to these objections, and without waiver thereof, for information generally responsive to this request see Responses to Non-Uniform Interrogatories numbers 3 through 7 served herewith.

3.    All guidelines in effect at MetLife any time since January 1, 2000 for the selection of "independent reviewers" of medical files for ERISA disability cases.

**RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to plaintiff's request on the grounds that it seeks confidential and proprietary business documents which are protected and not subject to production. Additionally, Defendants object that this request is overbroad in time and scope as it seeks information prior to the referral of Mr. Wright's file for review. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District

- 4 -

1

2    Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by

3    MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is

4    not permissible discovery. Moreover, there is no indication that any guidelines were referenced or used in this claim. If any documents exist

5    responsive to a properly limited request, Defendants would only produce them subject to a Confidentiality Order agreed to by the parties and entered

6    by the Court.

7    4.    All analyses, including any mathematical or statistical calculation, of the work

8    performed by Dr. Amy Hopkins, Dr. Michael J. Rosenberg, Elite Physicians Ltd.;

9    Network Medical Review; or Sandpiper LLC for MetLife.

10    **RESPONSE**: Defendants object to plaintiff's request on the grounds that it is vague, ambiguous and not reasonably calculated to lead to the discovery

11    of admissible evidence. Discovery is not generally not permitted in actions

12    such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of

13    interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19,

14    2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery

15    related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or

16    neutrality of the physicians utilized by MetLife in this case. Therefore, it is

17    not permissible discovery.

18    Subject to these objections, and without waiver thereof, any analysis of the

19    work performed on Mr. Wright's file is contained in the administrative record previously produced in this case.

20

21

22

23

24

25

5.    All documents which reflect or which were used to analyze or evaluate the level of disability of Alan Wright due in whole or part to restrictive airway disease or obstructive airway disease.

> **RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. Therefore, it is not permissible discovery. Subject to these objections, and without waiver thereof, the administrative record constitutes the record upon which the claim was evaluated and has been produced.

DATED this 12 day of January, 2007.

KUNZ PLITT HYLAND
DEMLONG & KLEIFIELD
A Professional Corporation


By_____
        Timothy R. Hyiand
        Dominic L. Verstegen
        3838 North Central Avenue, Suite 1500
        Phoenix, Arizona 85012-1902
        Attorneys for Defendants



1   Timothy R. Hyland (I.D. No. 010298)
    Dominic L. Verstegen (I.D. No. 022308)
2   **KUNZ PLITT HYLAND**
    **DEMLONG & KLEIFIELD**
3   3838 North Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
4   Email: trh@kunzlegal.com
    Email: dlv@kunzlegal.com
5   Tel: (602) 331-4600
    Fax: (602) 331-8600
6
    Attorneys for Defendants Raytheon Company STD Plan,
7   Raytheon Company LTD Plan and Metropolitan Life Insurance Company

8                   **IN THE UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF ARIZONA**

10

11   Alan Wright,                          NO.  CIV 05-604 TUC CKJ (JCG)

12                       Plaintiff,        **DEFENDANTS' RESPONSE TO**
                                           **PLAINTIFF'S REQUESTS FOR**
13   vs.                                   **ADMISSION**

14   Raytheon Company Short Term
     Disability Plan; Raytheon Company
15   Long Term Disability Plan, and
     Metropolitan Life Insurance Company,
16
                         Defendants.
17

18        Defendants, by and through undersigned counsel, and pursuant to Rule 36,

19   *Federal Rules of Civil Procedure*, hereby respond to Plaintiff's Requests for Admissions

20   as follows:

21          **PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

22        This is an action brought pursuant to the Employee Retirement Income Security

23   Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Accordingly, the Court's

24   review of this action should be limited to the materials presented to the claims

25

11.    MetLife did not make an assessment of whether the total combination of Wright's impairments, including obstructive airway disease and restrictive airway disease, met the Plan definition of disability.

**OBJECTION AND RESPONSE**: Defendants object to plaintiff's request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is not generally not permitted in actions such as this governed by ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Limited discovery relating to a conflict of interest may be allowed under appropriate conditions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The April 19, 2006 Order issued by Magistrate Judge Guerin, and affirmed by the District Court, did allow some discovery, but only permitted "limited discovery related to the independence or neutrality of the physicians utilized by MetLife in this case." This inquiry does not relate to the independence or neutrality of the physicians utilized by MetLife in this case. It is not permissible discovery. Subject to, and without waiver of, all general and specific objections, Defendants respond:

Admit _____          Deny ___X___

DATED this $\frac{b^{ri}}{}$ day of January, 2007.

KUNZ PLITT HYLAND
DEMLONG & KLEIFIELD
A Professional Corporation

By _____
    Timothy R. Hyland
    Dominic L. Verstegen
    3838 North Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
    Attorneys for Defendants

-9-

RECEIVED

FEB 05 2007

1   Timothy R. Hyland (I.D. No. 010298)
    Dominic L. Verstegen (I.D. No. 022308)
2   **KUNZ PLITT HYLAND**
    **DEMLONG & KLEIFIELD**
3   3838 North Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
4   Email: trh@kunzlegal.com
    Email: dlv@kunzlegal.com
5   Tel: (602) 331-4600
    Fax: (602) 331-8600
6
    Attorneys for Defendants Raytheon Company STD Plan,
7   Raytheon Company LTD Plan and Metropolitan Life Insurance Company

8
                    IN THE UNITED STATES DISTRICT COURT
9
                          DISTRICT OF ARIZONA
10

11   Alan Wright,                          | NO. CIV 05-604 TUC CKJ (JCG)

12                      Plaintiff,         | **DEFENDANTS' SUPPLEMENTAL**
                                           | **RESPONSES TO PLAINTIFF'S**
13   vs.                                   | **REQUESTS FOR ADMISSION**
                                           | **NOS. 5 AND 12**
14   Raytheon Company Short Term
     Disability Plan; Raytheon Company
15   Long Term Disability Plan, and
     Metropolitan Life Insurance Company,
16
                       Defendants.
.17

18          Defendants, by and through undersigned counsel, and pursuant to Rule 36,

19   *Federal Rules of Civil Procedure*, hereby supplement their responses to Plaintiff's

20   Requests for Admissions as follows:

21          **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION**

22   5.    No medical doctor considered pulmonary disability as a factor in arriving at a

23   conclusion that Wright was not disabled.

24              **OBJECTION AND RESPONSE**: Defendants preserve their objections to

25          plaintiff's request for admission stated in all prior pleadings but provide

1
2      this response per the Court's December 20, 2007 Order. Defendants admit
       that the independent physician consultants retained by MetLife to analyze
3      plaintiff's condition did not specifically analyze plaintiff's condition in
       terms of solely a pulmonary disability. However, Dr. Rosenberg did
4      receive and review the pulmonary function tests.

5              Admit __X__              Deny _____

6   12.    That MetLife has had a contract provision with NMR which includes language to

7   the effect: "During the term of this agreement, contractor shall not perform any services

8   or accept any employment of any character hostile to the interests of MetLife, or

9   otherwise engage in activities adverse to the interests of MetLife."

10             **OBJECTION AND RESPONSE**: Defendants preserve their objections to
11             plaintiff's request for admission stated in all prior pleadings but provide
               this response per the Court's December 20, 2007 Order.
12

13             Admit __X__              Deny _____

14

15      DATED this 4ᵗ day of February, 2008.

16

17                                      **KUNZ PLITT HYLAND**
                                        **DEMLONG & KLEIFIELD**
18                                      A Professional Corporation

19

20                                      By_____
                                            Timothy R. Hyland
21                                          Dominic L. Verstegen
                                            3838 North Central Avenue, Suite 1500
22                                          Phoenix, Arizona  85012-1902
                                            Attorneys for Defendants
23

24

25                                      - 2 -

1   ORIGINAL of the foregoing mailed
    this 4-11 day of February, 2008, to:

2

3   Barry Kirschner
    Waterfall, Economidis, Caldwell,
    Hanshaw & Villamana, P.C.

4   5210 E. Williams Circle, Ste. 800
    Tucson, AZ 85711

5   Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                          - 3 -

# EXHIBIT 4

*ORIGINAL*

April 25, 2006

Mr. Barry Kirschner

RE: WRIGHT, ALAN

Dear Mr. Kirschner,

The following letter is to address the medical condition of Mr. Alan Wright from a pulmonary perspective. I saw Mr. Wright initially on 04/27/2005 and then again on 08/31/2005. My medical opinions are based on those visits, which included physical examination and history taking, as well as on tests such as pulmonary functions and sleep studies. I would like to emphasize that Mr. Wright's pulmonary function studies show a substantial impairment in lung function that would predict a greatly limited exercise and work capability. This limitation is evidenced by a restrictive lung impairment of moderate severity in which the ability of the lung to expand with air is limited.

There is also a degree of limitation of the lungs ability to exhale air, which is called obstruction. These two components are additive in their effect on physical capability. The best predictor of a person's ability to tolerate exercise is the FEV-1. In Mr. Wright's case, the measured FEV-1 is only 53% of predicted. The patient's diffusion capacity, which is a measurement of the lungs ability to absorb oxygen into the body from inhaled air, is also only 53% of predicted. This measurement also predicts a very limited exercise endurance.

The factors that relate to the limitation in lung function do include the patient's weight, which on 08/31/2005 was 303 pounds. In addition, the sternum, which is the bone in the front center part of the chest, never re-healed after being separated to allow his bypass procedure in 2002. The ribcage, therefore, has a degree of instability as the patient breaths, which limits the depth of his inspiratory effort. Also, he has a herniation of the abdominal muscles just below the ribcage, which when he exhales, pushes his abdominal contents outward and limits the force with which he can exhale.

Dr. Rosenberg focused on cardiovascular issues and did not fully consider the pulmonary aspects of the patient's health. I believe he underemphasized some of the pulmonary information that was available to him. For example, my interpretation of the diffusion capacity on pulmonary function tests was that the diffusion was markedly reduced, whereas Dr. Rosenberg says that the diffusion capacity was "reduced". Mentioning that the diffusion corrects for alveolar volume means only that there is no underlying scarring in the lungs. It does not imply that the limited diffusion is not significant. Dr. Rosenberg emphasized the patient's obesity, but did not

Mr. Barry Kirschner

RE: WRIGHT, ALAN
April 25, 2006
Page 2

specifically comment on how nonunion of the sternum and the abdominal ventral hernia might also contribute to the patient's limited lung function.

It is my opinion that even a substantial weight loss, while being overall beneficial, would not reverse a significant portion of this patient's restrictive lung abnormality.

Dr. Rosenberg did not have the results of the patient's sleep study, which represent an additive respiratory impairment to the patient's performance of his job. The majority of patients with severe obstructive sleep apnea, even with the best and most effective currently available treatment, will have daytime somnolence, which can be a concern in jobs in which full alertness and attention to detail is essential.

Due to all of the above listed factors, it is my opinion that Dr. Rosenberg did not fully consider the patient's pulmonary limitations in his conclusion that Mr. Wright was not disabled. It is my opinion that these pulmonary factors do constitute a disability for the patient's current job.

Sincerely,


Scott Bronnimann, M.D.
SB/las
Cc:    Chart
        Barry Kirschner, Fax #745-1279

## Catalina Chest Clinic, P.C.

Robert B. Cobb, Jr., M.D.    J. Ferdinand Fiastro, M.D.    Scott P. Bromimann, M.D.
Todd L. Locher, M.D.    Jacob Chacko, M.D.

2055 W. Hospital Dr. #195
Tucson, AZ 85704
Voice (520)575-6944    Fax (520)575-1115

# Facsimile Transmittal

## Confidential Health Information Enclosed

Health Care Information is personal and sensitive information related to a person's health care. It is being faxed to you after appropriate authorization from the patient or under circumstances that doesn't require patient authorization. You, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Re-disclosure without additional patient consent or as permitted by law is prohibited. Unauthorized re-disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.

To: _Barry_    Fax: _745 - 1279_

From: _Lisa O_    Date & Time: _5/12/06_

Re: _____    Pages: _____

CC: _____

( Urgent    (√For Review    ( Please Comment    ( Please Reply    ( Please Recycle

_thanks_

IMPORTANT WARNING: This message is intended for the use of the person or entity to which is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message by error, please notify us immediately and destroy the related message.