WATERFALL, ECONOMIDIS,
  CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ 85711
(520) 745-7810
Fax (520) 745-1279

Barry Kirschner/PCC31284/SBN 005592
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| ALAN WRIGHT,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY SHORT TERM DISABILITY PLAN, RAYTHEON COMPANY LONG TERM DISABILITY PLAN, and METROPOLITAN LIFE INSURANCE COMPANY,<br>Defendants. | No.: CIV 05-604 TUC CKJ (JCG)<br><br>**PLAINTIFF'S CONTINUING SEPARATE STATEMENT OF FACTS** |
|---|---|

57.  Dr. Bradley Barnett ("Barnett"), Alan Wright's ("Wright") treating physician, caused pulmonary tests for Wright February 27, 2004. AR 494. See PSOF 27.

58.  The February 27, 2004 pulmonary tests ordered were explained in detail in Barnett's March 25, 2005 letter: "I have referred him to Dr. Scott Bronniman, a leading Pulmonologist in our community, to further delineate between these possible factors and devise a treatment plan, but **regardless of the outcome of that consultation, the fact remains that Mr. Wright's <u>pulmonary</u> function further disables him and makes a return to employment an impossibility.**" [Emphasis added.] AR 496. See also PSOF 27-32.

59.  The pulmonary function test completed February 27, 2005 was specifically mentioned in a heading in Wright's appeal in a prominent location at page 2. AR 484.

60.  The pulmonary function test is referred to in a MetLife log note dated 5/24/05.


1  AR 66.

2  61.  On May 31, 2005, the MetLife log states that it will hire a cardiologist for review
3  of Wright's record. That cardiologist was instructed to teleconference Barnett and P.
4  Dennis Citron, M.D. ("Citron"), but not Scott Bronnimann, M.D. ("Bronnimann"). *See*
5  AR 67.

6  62.  The paper reviewing physician Michael J. Rosenberg, M.D. ("Rosenberg")
7  conducted a teleconference with Citron where Citron stated that other co-morbidities
8  including his restrictive lung volumes were important factors to consider. Rosenberg
9  agreed. AR 468.

10 63.  Among the first entries in the AR is the September 10, 2004 note stating: "Work
11 prevented by difficulty breathing." AR 101.

12 64.  Defendants and Network Medical Review ("NMR") historically have had a contract
13 relationship stating: "During the term of this agreement, contractor shall not perform any
14 service or accept any employment of any character hostile to the interests of MetLife or
15 otherwise engage in activities adverse to the interests of MetLife." *See* Exhibit 3 to PSOF,
16 Defendants' Response to Plaintiff's Request for Admissions, dated January 12, 2007
17 (received by Wright January 16, 2007).

18 65.  Defendants referred to "any" occupation in their log and question posed to
19 Rosenberg. AR 66, 469.

20        DATED September 11, 2008.

21                    WATERFALL, ECONOMIDIS, CALDWELL,
                      HANSHAW & VILLAMANA, P.C.
22

23

24
         By /s/ Barry Kirschner
25          Barry Kirschner
            Attorneys for Plaintiff
26

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/9/11/08
Plt Continuing SOF draft 3.wpd

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2008, I electronically transmitted the foregoing document to the United States District Court for the District of Arizona using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy R. Hyland, Esq.
Dominic L. Verstegen, Esq.
Kunz, Plitt, Hyland
  Demlong & Kleifield, P.C.
3838 N. Central Ave., Ste. 1500
Phoenix, AZ 85012-1902
Attorneys for Defendants:

By s/Glades Guisinger

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810 FAX 520-745-1279

BK/gg/9/11/08
Plt Continuing SOF draft 3.wpd

3